IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LONNIE MITCHELL,

    Plaintiff,

v.

CITY OF ROHNERT PARK, ROHNERT PARK DEPARTMENT OF PUBLIC SAFETY, AMIE BREEZE, individually and as Mayor of City of Rohnert Park, BRIAN MASTERSON, individually and as Chief of the Department of Public Safety for City of Rohnert Park, and DOES 1 through 50, inclusive,

    Defendants.

No. C 09-03076 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

This is an action involving an alleged use of excessive force by unnamed officers of the Rohnert Park Department of Public Safety. Defendants City of Rohnert Park, Rohnert Park Department of Public Safety, Amie Breeze, and Brian Masterson move to dismiss plaintiff's complaint on various grounds. For the reasons stated below, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

On July 8, 2009, plaintiff Lonnie Mitchell, proceeding *pro se*, filed a complaint alleging the following facts which are accepted as true for the purposes of this order.

On July 8, 2007, plaintiff visited Quincy Bar and Grill in Rohnert Park, California. A fight erupted at the restaurant among members of a wedding party with whom plaintiff had no relation. Officers of the Rohnert Park Department of Public Safety arrived and used excessive force indiscriminately against all people, including plaintiff. The officers caused plaintiff temporary and permanent injuries and other damages.

On July 8, 2009, plaintiff commenced this action. Plaintiff named as defendants the City of Rohnert Park, Rohnart Park Department of Public Safety, Amie Breeze, individually and as Mayor of Rohnart Park, Brian Masterson, individually and as Chief of the Department of Public Safety for City of Rohnert Park, and Does 1 through 50. Plaintiff did not name any individual officers. Plaintiff asserts a single claim for relief for "police use of excessive force."

On November 30, defendants filed the instant motion to dismiss. Plaintiff did not file an opposition. On January 6, 2010, the Court ordered plaintiff to show cause for his failure to respond to the motion or to file a statement of nonopposition. On January 21, plaintiff filed a statement of nonopposition.

**ANALYSIS**

**1.   LEGAL STANDARD.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th. Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th. Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

**2. SUFFICIENCY OF THE COMPLAINT.**

Defendants contend that plaintiff's complaint must be dismissed because he does not identify any federal laws which defendants allegedly violated. The Ninth Circuit has held:

> The pleadings need only identify the basis of the court's jurisdiction, demand for judgment for the relief sought, and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleadings need not identify any particular legal theory under which recovery is sought.

*Crull v. Gem Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995) (citations omitted). Here, plaintiff has not identified any particular legal theory in his complaint under which he seeks recovery, however, plaintiff is not required to do so. Accordingly, this attack fails.

**3. INDIVIDUAL DEFENDANTS.**

**A. Defendants City of Rohnert Park And Rohnert Park Department of Public Safety.**

Assuming plaintiff is proceeding under 42 U.S.C. 1983, defendants City of Rohnert Park and Rohnert Park Department of Public Safety correctly assert that plaintiff fails to state a claim upon which relief may be granted because local government entities cannot be held liable under a respondeat superior theory. A local government entity is liable under Section 1983 only when it executes a policy or custom that inflicts an injury. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). The Supreme Court has held:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Ibid*.

Here, plaintiff fails to allege a government policy or custom that caused injury to him. Instead, plaintiff merely alleges that defendants "where acting and omitting within the course and scope of said employment, agency and association, rendering each liable for the acts and omissions of all the other defendants." Plaintiff alleges liability under a respondeat superior theory, rather than an official policy or custom. Accordingly, plaintiff's claim as to defendants

3

City of Rohnert Park and Rohnert Park Department of Public Safety does not state a claim for relief under Section 1983.

Plaintiff, however, does state a claim for relief against defendants under California law. The California Tort Claims Act, rejecting *Monell*, imposes liability on public entities for acts of its employees under the doctrine of respondeat superior. *Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002). Section 815.2 of the California Government Code stated:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
>
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Moreover, "a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct." *Mary M. v. City of LA*, 54 Cal. 3d 202, 215 (1991). In the instant action, defendants are not immune from suit under California law because the police officers involved are not immune from liability, and plaintiff alleges liability under a respondeat superior theory. Accordingly, defendants City of Rohnert Park and Rohnert Park Department of Public Safety may be liable under the California Tort Claims Act, and defendants' motion to dismiss on this basis is **DENIED**.

> **B. Amie Breeze, as Mayor of Rohnert Park, And Brian Masterson, as Chief of the Department of Public Safety for City of Rohnert Park**.

Again, assuming plaintiff is proceeding under 42 U.S.C. 1983, defendants Amie Breeze and Brian Masterson correctly contend that plaintiff fails to allege facts sufficient to constitute a claim for relief because plaintiff fails to allege any policy or custom that led to his injuries. "A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Thus, a governmental officer may be found liable in his official capacity only if policy or custom played a part in the violation of federal law. *Ibid*. Here, plaintiff failed to allege any policy or custom that

4

led to his injuries. Accordingly, plaintiff's allegations do not state a claim for relief under Section 1983 as to defendants.

Under California law, plaintiff also fails to state a claim against defendants. With respect to defendant Amie Breeze, as Mayor of Rohnert Park, the California Tort Claims Act provided immunity to mayors for injuries caused by public entities. Section 820.9 of the California Government Code stated in relevant part as follows:

> Members of city councils, *mayors*, members of boards of supervisors, members of school boards, members of governing boards of other local public entities, members of locally appointed boards and commissions, and members of locally appointed or elected advisory bodies are not vicariously liable for injuries caused by the act or omission of the public entity or advisory body. Nothing in this section exonerates an official from liability for injury caused by that individual's own wrongful conduct.

(emphasis added). In the instant action, plaintiff alleges vicarious liability, rather than any wrongful conduct specific to defendant Amie Breeze. Accordingly, plaintiff's allegations do not state a claim for relief under California law as to defendant Amie Breeze.

With respect to defendant Brian Masterson, as Chief of the Department of Public Safety for City of Rohnert Park, plaintiff also fails to state a claim. Under California law, the chief of a municipal police department is not responsible for the acts of members of the force, unless he directed such acts to be done, or personally cooperated in the offense. *Michel v. Smith*, 188 Cal. 199, 202 (1922). Plaintiff fails to allege that defendant Brian Masterson directed the acts of the police officers or personally cooperated in the offense. Plaintiff's allegations do not state a claim for relief under California law as to defendant Brian Masterson.

Accordingly, plaintiff's claim as to defendants Amie Breeze, as Mayor of Rohnert Park, and Brian Masterson, as Chief of the Department of Public Safety for City of Rohnert Park, is **DISMISSED**.

### C. Defendants Amie Breeze, Individually, And Brian Masterson, Individually.

Defendants Amie Breeze and Brian Masterson correctly contend that plaintiff fails to allege facts sufficient to constitute a claim for relief because plaintiff fails to allege defendants' personal involvement in causing an injury. "Supervisory liability is imposed against a

5

supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates." *Larez*, 946 F.2d at 646 (internal quotations omitted). As discussed in the preceding section, California law required allegations of the defendants' personal involvement in the wrongful conduct. Here, plaintiff failed to allege defendants' personal involvement in causing his injuries. Accordingly, plaintiff's claim as to defendants Amie Breeze, individually, and Brian Masterson, individually, is **DISMISSED**.

### D. Does 1 through 50.

Defendants incorrectly assert that plaintiff's complaint fails as against Does 1 through 50 because plaintiff is barred by the statute of limitations and applicable relation-back provisions under California law. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions . . .". *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The statute of limitations for personal injury in California is two years. Cal. Civ. Proc. § 335.1 (2006). Furthermore, "the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983." *Merritt v. County of L.A.*, 875 F.2d 765, 768 (9th Cir. 1989). California's relation-back provision provided in relevant part as follows:

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . The certificate or affidavit of service must state the fictitious name under which such defendant was served and the fact that notice of identity was given by endorsement upon the document served as required by this section.

Cal. Civ. Proc. § 474 (1979). "The purpose of the statute is to enable a plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiffs's ignorance of the identity of the defendant, and the statute should be liberally construed to accomplish that purpose." *Wallis v. S. Pac. Transp. Co.*, 61 Cal. App. 3d 782, 786 (App. Ct. 1976) (citations omitted).

Here, plaintiff filed his complaint on July 8, 2009, the day the statute of limitations expired. In his complaint, plaintiff correctly sued fictitiously-named Doe defendants to preserve

6

his cause of action against any defendants not yet known or identified. Accordingly, assuming appropriate diligence, plaintiff may later amend his complaint to add defendants as Doe defendants previously named, and his amendments will relate back to the time of his original complaint.

Defendants' argument regarding the Doe defendants is presumptuous. Defendants rely on *Anderson v. Allstate Insurance Co.*, 630 F.2d 677 (9th Cir. 1980), to assert that California's relation-back provision does not apply to an amended complaint that adds a new defendant. *Anderson* states that "[u]nder California law, if a defendant is added to an amended complaint as a new defendant, and not as a Doe defendant, the amendment does not relate back to the time of the original complaint." *Id.* at 683. Here, plaintiff has not yet amended his complaint, let alone amended his complaint to add a new defendant as opposed to a Doe defendant. Defendants automatically assume that plaintiff's amended complaint will add new defendants rather than add defendants as Doe defendants previously named. This argument is far too speculative and accordingly, fails.

Defendants also argue that plaintiff's complaint fails against Doe defendants because the defendants were not served within 120 days after the filing of the complaint as pursuant to FRCP 4(m). Rule 4(m) stated in relevant part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

"Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (emphasis in original). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (9th Cir. 1998)).

Here, plaintiff filed his complaint against Does 1 through 50 on July 8, 2009. The 120-day period to effectuate service of process has passed. If plaintiff is not granted an extension of

time to serve Doe defendants he will not be able to re-file his complaint because the statute of limitations will have passed. Furthermore, plaintiff's delay in serving Doe defendants is reasonable in light of the facts alleged in his complaint. It will necessarily take plaintiff additional time to discover and identify the individuals who allegedly used excessive force indiscriminately against him. In the interest of justice, plaintiff may amend his complaint to add defendants as Doe defendants previously named. Plaintiff must be diligent in seeking the identity of Doe defendants and serve them within 120 days of this order. This extension is not meant to imply that a claim for relief against Doe defendants is properly stated.

Accordingly, defendants' motion to dismiss as to Doe defendants is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiff must effectuate service of process on Doe defendants within 120 days of this order.

**IT IS SO ORDERED.**

Dated: February 16, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE