Lonnie Mitchell
120 Gardiner Avenue, Unit C
South San Francisco, CA 94080
(650) 771-1234
Pro Se

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

LONNIE MITCHELL,

    Plaintiff,

vs.

Officer CHARLES LARSON and Officer DANA RUGAARD, in their individual capacities,

    Defendants.

Case No. CV 09-3076-WHA

**FIRST AMENDED COMPLAINT**

1. **Jurisdiction.** This case arises under the Civil Rights Act, Title 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the Constitution and laws of the United States.

2. **Venue.** Venue is proper under 28 U.S.C. § 1391(b) in the Northern District of California because a substantial part of the events or omissions giving rise to this action occurred in this district.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions that give rise to this lawsuit occurred in Sonoma County.

## PARTIES

4. Plaintiff LONNIE MITCHELL is a competent adult, a resident of South San Francisco, CA, and a United States Citizen.

5.  Defendant CHARLES LARSON, an officer for the Rohnert Park Department of Public Safety, is sued in his individual capacity. This individual's identity was not known to Plaintiff at the time the Complaint was filed, and could not reasonably have been ascertained until recently through discovery. Pursuant to this Court's order of February 16, 2010, after having learned of his identity, Plaintiff substitutes this named Defendant for DOE 1 in the Complaint, referred to as "DOES 1 THRU 50" in the caption and paragraph 2, and "employees of Defendant Department of Public Safety of City of Rohnert" in paragraph 5 (Compl. ¶¶ 2, 5).

6.  Defendant DANA RUGAARD, an officer for the Rohnert Park Department of Public Safety, is sued in his individual capacity. This individual's identity was not known to Plaintiff at the time the Complaint was filed, and could not reasonably have been ascertained until recently through discovery. Pursuant to this Court's order of February 16, 2010, after having learned of his identity, Plaintiff substitutes this named Defendant for DOE 2 in the Complaint, referred to as "DOES 1 THRU 50" in the caption and paragraph 2, and "employees of Defendant Department of Public Safety of City of Rohnert" in paragraph 5 (Compl. ¶¶ 2, 5).

7.  In committing the acts or omissions alleged herein, LARSON and RUGAARD (collectively, "OFFICERS") were acting within the course and scope of their employment.

8.  Plaintiff believes and alleges that OFFICERS are jointly and severally liable for the injuries and damages set forth below.

## FACTS

9.  On July 8, 2007, at about noon, Plaintiff and seven of his relatives and friends arrived at Quincy's Bar and Grill in the city of Rohnert Park, County of Sonoma. Quincy's Bar and Grill is a public restaurant that provides food and dancing space to the public.

10. When Plaintiff and his friends arrived, Quincy's was crowded. Within an hour of Plaintiff's arrival, a bar room brawl unexpectedly broke out among people with whom Plaintiff had no connection or interaction whatsoever. Plaintiff had no involvement in the fight and was unaware how the fight began.

11. While waiting near the bar, Plaintiff saw, on the other side of the dance floor, a

man strike Plaintiff's cousin in the face, causing Plaintiff's cousin to run outside to his truck and try to open the door. The man pursued Plaintiff's cousin to the truck and struck him again. Plaintiff ran to the man and struck him in an attempt to prevent the man from continuing to attack his cousin.

12. Plaintiff then heard Defendant LARSON yell "get down, get down!" Frightened and confused, Plaintiff began to explain to LARSON that he had hit the man to stop him from attacking his cousin. LARSON continued to scream "get down, get down!" Plaintiff started to lie on the ground while still attempting to explain why his actions had been necessary.

13. Before Plaintiff was able to fully get down, LARSON began to strike Plaintiff with his baton, hitting his leg twelve to fifteen times with severe force. Midway through this attack, LARSON fired his Taser, causing Plaintiff to jolt back against the glass window of the restaurant. Plaintiff was incoherent but was still attempting to evade LARSON's blows. Soon after, Plaintiff saw RUGAARD in his peripheral vision coming from around the corner of the restaurant. RUGAARD hit Plaintiff a second time with a Taser, causing Plaintiff to fall hard to the ground in extreme pain while his friend, Jamie Winston, and girlfriend, Monica Oviedo, watched in horror. OFFICERS promptly arrested Plaintiff.

14. Plaintiff believes and alleges that the acts and omissions of OFFICERS were unjustified and objectively unreasonable in light of Plaintiff's nonviolent actions, and that said Defendants violated clearly established constitutional and statutory rights, privileges and immunities as set forth below.

## INJURIES AND DAMAGES

15. As a direct result of OFFICERS' unjustified use of force to beat Plaintiff's legs and knock him to the ground, Plaintiff suffered injury to the left side of his neck and left shoulder, numbing in his left arm, injury to his left lower lumbar, and numbing of his left knee and foot.

16. Plaintiff has received medical treatment for all of the above injuries at Stanford Hospital and Seton Medical Center. Specifically, he was examined and treated by two

physicians on four hospital visits. He is now being cared for by a private physician.

17. The injuries caused by LARSON and RUGAARD have caused Plaintiff chronic pain, loss of income, and mental distress due to the trauma of the incident and his inability to provide for his four-year-old son, over whom he has sole custody, and disabled mother.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT)

(OFFICERS)

18. Plaintiff hereby realleges paragraphs 1 through 17 of this complaint.

19. Acting under color of law, and without reasonable cause, OFFICERS subjected Plaintiff to the deprivation of his Fourteenth Amendment right to equal protection and to be free from excessive and arbitrary force.

20. As a direct and proximate result of OFFICERS' acts and omissions alleged herein, Plaintiff sustained injuries and damages as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, including to compensate him for emotional distress and pain and suffering, to be determined according to proof;

2. For special damages, including loss of income, to be determined according to proof;

3. For costs of suit and reasonable attorney's fees; and

4. For actual damages from medical expenses, to be determined according to proof.

Respectfully submitted,

Dated: 5/5/10

Lonnie Mitchell
Pro Se

FIRST AMENDED COMPLAINT, CASE NO. CV 09-3076-WHA, PAGE 4 OF 4 [PREPARED WITH ASSISTANCE FROM VLSP]