IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LONNIE MITCHELL,

    Plaintiff,

v.

CITY OF ROHNERT PARK, ROHNERT PARK DEPARTMENT OF PUBLIC SAFETY, AMIE BREEZE, individually and as Mayor of City of Rohnert Park, BRIAN MASTERSON, individually and as Chief of the Department of Public Safety for City of Rohnert Park, and DOES 1 through 50, inclusive,

    Defendants.
    /

No. C 09-03076 WHA

**ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL UNDER RULE 41(B) AND DENYING MOTIONS FOR JUDGMENT ON THE PLEADINGS AND DISMISSAL UNDER RULE 12(B)(6) AS MOOT**

**INTRODUCTION**

    This action involves a single claim under 42 U.S.C. 1983. Plaintiff, proceeding *pro se*, alleges use of excessive force by two officers of the Rohnert Park Department of Public Safety. Defendants move for judgment on the pleadings and dismissal of plaintiff's first amended complaint on various grounds. For the reasons stated below, defendants' motion for dismissal under Rule 41(b) is **GRANTED**. Defendants' motions for dismissal under Rule 12(b)(6) and for judgment on the pleadings are **DENIED AS MOOT**.

**STATEMENT**

    On July 8, 2009, plaintiff Lonnie Mitchell, proceeding *pro se*, filed a complaint alleging police use of excessive force that stemmed from an incident that occurred two years earlier to the

1  day.  Plaintiff named multiple defendants, including the City of Rohnert Park, the Rohnert Park
2  Department of Public Safety ("RPDPS"), the Mayor, and the Chief of the Department of Public
3  Safety for the City of Rohnert Park.  Plaintiff named Does 1–50 as defendants as well, saying
4  that at the time of the filing of his original complaint he did not know the identities of the RPDPS
5  officers that used excessive force against him.

6       Defendants moved for dismissal of plaintiff's claims.  Plaintiff did not file an opposition.
7  The undersigned ordered plaintiff to show cause for his failure to respond to the motion or to file
8  a statement of non-opposition and plaintiff responded by filing a statement of non-opposition.
9  A subsequent order denied in part and granted in part defendants' motion on February 16, 2010.
10 Only state law claims against the City of Rohnert Park and RPDPS, and claims presumably based
11 on 42 U.S.C. 1983 against Does 1–50 survived defendants' motion.  As of the February 16 order,
12 plaintiff had yet to identify substitutes for the Doe defendants and the deadline for doing so had
13 passed on January 28.  Despite plaintiff's non-opposition to defendants motion for dismissal, and
14 in order to provide plaintiff every with opportunity to bring his claims, the undersigned granted
15 plaintiff an additional 120 days to identify the individuals who allegedly used excessive force
16 against him.  Plaintiff was instructed (1) to amend his complaint accordingly, and (2) to serve any
17 new defendants named.

18      Plaintiff filed a first amended complaint within the time period allotted.  The first
19 amended complaint only named two defendants, Mr. Charles Larson and Mr. Dana Rugaard, both
20 officers of the RPDPS.  Plaintiff includes only one claim pursuant to 42 U.S.C. 1983 against both
21 defendants:  violation of the Fourteenth Amendment right to equal protection under the law and to
22 be free from excessive force.  For the purposes of this order, the following facts pled in plaintiff's
23 first amended complaint are accepted as true.

24      On July 8, 2007, two years to the day before the filing of plaintiff's original complaint,
25 plaintiff and members of his family and friends were gathered at a restaurant.  Less than an hour
26 after plaintiff's arrival at the restaurant, a fight erupted among members of a wedding party with
27 whom plaintiff had no relation.  Plaintiff witnessed another man strike plaintiff's cousin.
28 Plaintiff's cousin fled to his truck, and his assailant followed.  The assailant struck plaintiff's

2

1  cousin again, and plaintiff struck the assailant in an attempt to prevent further attacks. Officers of
2  the RPDPS arrived at the restaurant. Plaintiff heard Officer Larson yell "get down" and,
3  confused, plaintiff attempted to explain his actions to Officer Larson. Plaintiff then attempted
4  to comply with Officer Larson's order, but before he could get himself fully to the ground,
5  Officer Larson struck plaintiff twelve to fifteen times in his leg. Officer Larson also fired his
6  taser into plaintiff in the midst of delivering the baton strikes. Plaintiff tried to evade further
7  blows from Officer Larson and was then sent to the ground by a second taser shot, this time fired
8  by Officer Rugaard. Officers Larson and Rugaard proceeded to arrest plaintiff. The officers'
9  actions caused plaintiff chronic pain, loss of income, and mental distress.

10       Defendants now move for judgment on the pleadings and dismissal. Defendants argue
11  that judgment on the pleadings is warranted because only state law claims remain as to defendants
12  the City of Rohnert Park and the RPDPS. According to defendants, the opportunity for plaintiff
13  to have filed a government tort claim has expired, and thus plaintiff cannot prove a substantive
14  element of his state law claims against the City of Rohnert Park and the RPDPS. Defendants
15  argue that dismissal of claims against Officers Larson and Rugaard under Rule 12(b)(6) should
16  be granted because the statute of limitations bars plaintiff from pursuing claims against any new
17  defendants. Furthermore, defendants argue that dismissal under Rule 41(b) is appropriate because
18  plaintiff has failed to comply with the February 16 order that he serve defendant officers once he
19  learned of their identities. Plaintiff responds in opposition to defendants' motions, arguing that he
20  had made every effort to identify the officers in a timely manner, and that no prejudice will result
21  from their substitution for Does 1–50 named in the original complaint. Plaintiff does not address
22  defendants' statement that Officers Larson and Rugaard have yet to be served with the first
23  amended complaint.

24       The hearing on the instant motions was scheduled for 8:00 a.m., August 12, 2010.
25  The instant motions were the last motions heard on the undersigned's 8:00 a.m. calendar. As of
26  8:30 a.m., plaintiff had yet to appear. Plaintiff had been served with notice of defendants'
27  motions, the hearing location, date, and time. (Dkt. 34). The undersigned took judicial notice of
28  plaintiff's non-appearance and concluded the hearing shortly thereafter.

3

**ANALYSIS**

It is plaintiff's responsibility to prosecute this case. Plaintiff also must comply with orders in a timely fashion. Rule 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Prior to dismissing an action under this rule, a district court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

Defendants acknowledge that plaintiff filed a first amended complaint in compliance with the February 16 order directing him to be diligent in seeking the identities of the Doe defendants. Defendants claim, however, that plaintiff has not *served* the newly named defendants, which the February 16 order directed him to do. Arguing that plaintiff has not complied with the February 16 order, defendants move for dismissal under Rule 41(b). Plaintiff does not respond to this argument in his opposition. Defendants, however, acknowledge in their reply to plaintiff's opposition, that an unidentified man left a copy of the first amended complaint at the RPDPS sometime after defendants' instant motions were filed. Such an action, however, even if it was taken by plaintiff, would not constitute service of the complaint as directed by the February 16 order.

The undersigned has granted plaintiff every opportunity to make his case. Plaintiff waited until the very last day possible, July 8, 2009, to file his original complaint. He did not oppose defendants' first motion to dismiss, and yet the undersigned provided him with an extra 120 days to identify and substitute defendants so that his claims would relate back to the date of his originally filed complaint. Plaintiff filed his first amended complaint on May 5, but has yet to serve the defendants named in the amended complaint. The pleadings have not yet closed, and yet discovery has. Trial is set to begin in just over a month's time.

4

The balance of the *Malone* factors supports dismissal of plaintiff's claim. It is clear that the first three factors support the decision to dismiss. Plaintiff's dilatory conduct has impeded resolution of the case. Plaintiff has established a persistent pattern in this proceeding of failing to prosecute his case — his non-appearance at the August 12 hearing is the latest evidence of such a pattern. To deny defendants' motion to dismiss would prevent the district court from adhering to its trial schedule: given that the pleadings have not yet closed, the dates concluding discovery and dispositive motions would need to be reset, and accordingly, so would the October 4 trial date. Were the undersigned to deny the motion and not reset the discovery and trial dates, prejudice to defendants would be assured. Defendants have not been served in this matter, let alone have they been afforded an opportunity to conduct discovery or prepare for trial. Plaintiff, on the other hand, has had more than three years to do so.

Regarding the fourth *Malone* factor, alternatives to dismissal: the undersigned is out of options. The February 16 order extended an additional 120 days to plaintiff at a time when plaintiff had yet to identify Officers Larson and Rugaard as substitutes for previously named Doe defendants. A warning, sanction, or reprimand would be of no use here. The only conceivable alternative would be to provide plaintiff with yet another extension of time by which he may serve defendants — such an extension, as discussed above and given the abused generosity to date, is not a reasonable alternative to dismissal. Discussion of the fifth *Malone* factor is unnecessary as it is incapable of outweighing the other four factors. 833 F.2d at 133 n. 2. Accordingly, defendants' motion to dismiss under Rule 41(b) is granted and acts as an adjudication on the merits. This order thus renders defendants' motion for dismissal under Rule 12(b)(6) moot, and it is denied as such.

Defendants also contend that they are entitled to judgment on the pleadings as to defendants the City of Rohnert Park and the RPDPS. Defendants say that this is because only state law claims remain against these defendants (as a result of the February 16 order) and plaintiff has failed to file a claim within six months of the accrual of his cause of action in compliance with California Government Code requiring him to do so. Analysis of this argument is unnecessary, however, because plaintiff dropped defendants the City of Rohnert Park and the

5

RPDPS from his original complaint when he filed his first amended complaint. Plaintiff's first amended complaint names only Officers Larson and Rugaard as defendants, and does not incorporate any previously named defendants by reference. Accordingly, defendants' motion for judgment on the pleadings as to the City of Rohnert Park and the RPDPS, is denied as moot.

## CONCLUSION

For the reasons mentioned above, defendants' motion under Rule 41(b) for dismissal of plaintiff's sole claim in this matter is **GRANTED** and acts as an adjudication on the merits. Defendants' motions for judgment on the pleadings and for dismissal under Rule 12(b)(6) are **DENIED AS MOOT**. **THE CLERK SHALL CLOSE THE FILE.**

**IT IS SO ORDERED.**

Dated: August 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE